UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| JONATHAN LUTEN | ] | |
| Plaintiff, | ] | |
| | ] | No. 3:13-cv-0486 |
| v. | ] | (No. 3:13-mc-0038) |
| | ] | Judge Trauger |
| ROLAND COLSEN, WARDEN, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville.

He brings this action pursuant to 42 U.S.C. § 1983 against Roland Colsen, Warden of Riverbend; three members of the Riverbend staff; Officer Bishop, a former member of the Riverbend staff; Jadarius Franklin, an inmate at Riverbend; and Derrick Schofield, Commissioner of the Tennessee Department of Correction; seeking declaratory, injunctive and monetary relief.

On August 27, 2012, a fellow inmate (Jadarius Franklin) stabbed the plaintiff in the back while he was being escorted by Officer Bishop in shackles to the showers. The plaintiff believes that the incident constitutes a violation of his rights under the Eighth and Fourteenth Amendments.

To establish a claim under 42 U.S.C. § 1983, the plaintiff

1

must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The defendants, with the exception of fellow inmate Jadarius Franklin, have a constitutional duty to protect the plaintiff from the harmful conduct of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official has been deliberately indifferent to the plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

In this case, the plaintiff has not alleged that Jadarius Franklin posed a known threat to his safety. Nor has he alleged that any of his jailers were aware that Jadarius Franklin might attack him. In short, there are no allegations suggesting that the defendants were deliberately indifferent to the plaintiff's safety. At best, the plaintiff's allegations suggest that Officer Bishop may have been negligent in his duties. A claim of negligence, however, does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666

(1986)(Fourteenth Amendment). Therefore, even though the defendants may have been negligent in some way, their failure to provide the plaintiff with absolute safety from other combative prisoners does not state a constitutional violation.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. He has failed, therefore, to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge